T. E. HEARN v. C. B. OSTRANDER AND FORD MOTOR COMPANY.

(Filed 21 December, 1927.)

1. **Libel and Slander—Slander—Principal and Agent — Privileged Communications—Actions.**

    Where the superintendent of his codefendant's plant has information that an employee thereat had taken therefrom certain articles belonging to the codefendant employer, and had them in his possession at his home contrary to the rules of his codefendant, it is the duty of the defendant superintendent to make investigation for his employer, and remarks made by him solely and necessarily in the course of his investigation and for its purpose, that the plaintiff had stolen these articles so found, are privileged, and when made without malice, are not actionable.

2. **Same—Malice—Evidence—Questions for Jury — Appeal and Error — New Trials.**

    Evidence tending to show that the defendant superintendent exhibited certain articles found in the home of an employee contrary to the rules of his codefendant, his principal, and after making the investigation upon which he uttered the alleged slanderous words concerning the plaintiff, is sufficient to carry the case to the jury upon the question of whether the words claimed to have been privileged were spoken with malice.

APPEAL by defendants from *Harding, J.,* at March Term, 1927, of MECKLENBURG. New trial.

Action to recover of both defendants damages for slander, alleged to have been uttered by defendant, C. B. Ostrander, while engaged in the performance of his duties as superintendent of his codefendant, Ford Motor Company.

Plaintiff alleges in his complaint that defendant, C. B. Ostrander, while engaged in the performance of his duties as superintendent of defendant, Ford Motor Company, at its plant located at Charlotte, N. C., "did on or about 20 March, 1925, unlawfully, falsely and maliciously say and publish of and concerning the plaintiff, in the presence of T. N. Owen and others, the following false and defamatory matters, to wit, that the said plaintiff did, in many instances, while in the employ of the Ford Motor Company, steal spark plugs and other articles, the property of the Ford Motor Company."

This allegation is denied in the answer. Defendants further plead in defense that such statements as were made by defendant, C. B. Ostrander, of and concerning the plaintiff, on the occasion referred to in the complaint, were privileged communications, made without malice, from which no action arose in favor of plaintiff and against defendants, or either of them.

48—194

It is admitted that said defendant, C. B. Ostrander, was the superintendent of the Ford Motor Company, and on the occasion referred to in the complaint was engaged in the performance of his duties as such superintendent.

The issues submitted to the jury were answered as follows:

1. Did the defendant, Ostrander, in substance, say of and concerning the plaintiff, that the plaintiff did, in many instances, while in the employ of the Ford Motor Company, steal spark plugs and other articles, the property of the Ford Motor Company, as alleged in the complaint? Answer: Yes.

2. If so, were said words spoken by the defendant, Ostrander, with actual malice toward the plaintiff? Answer: Yes.

3. What damages, if any, is the plaintiff entitled to recover of the defendants? Answer: $2,500.

From judgment on the verdict, defendants appealed to the Supreme Court.

*F. W. Orr and Pharr & Currie for plaintiff.*
*Tillett, Tillett & Kennedy for defendants.*

CONNOR, J. The testimony of plaintiff, together with other evidence in his behalf, pertinent to the first issue, was properly submitted to the jury, and although sharply contradicted by evidence in behalf of defendants, was sufficient to sustain the answer of the jury to said issue. No assignments of error on defendants' appeal to this Court are based upon exceptions to evidence pertinent to this issue, or to instructions of the court more particularly applicable to said issue.

Plaintiff, however, is not entitled to recover in this action upon an affirmative answer to the first issue. It is conceded by his counsel that the words which the jury has found were spoken of and concerning plaintiff by defendant, C. B. Ostrander, on the occasion referred to in the complaint, were privileged. This defendant had received information, as superintendent of the plant of the Ford Motor Company, tending to show that plaintiff, an employee of said company, had on several occasions, in the city of Charlotte, swapped Champion spark plugs of the kind used by said company in its plant for equipping its cars, for gasoline, under circumstances which properly aroused the suspicion of his informant that plaintiff's possession of the said spark plugs was unlawful. It was manifestly the duty of said defendant, as superintendent of the plant, in which plaintiff was employed, to investigate this matter. The words complained of by plaintiff were spoken by said defendant while conducting said investigation. Upon all the evidence, the occasion on which the words were spoken by defendant, Ostrander,

was such that they constitute a privileged communication, for which no action lies unless the words were spoken with actual malice. Plaintiff, therefore, cannot recover in this action unless there was evidence tending to sustain an affirmative answer to the second issue, and unless, further, such evidence was submitted to the jury by the court under instructions which are free from error. If there was error with reference to the admission of evidence and its submission to the jury for its consideration upon the second issue, notwithstanding there was other evidence to which there was no valid objection, which was sufficient to sustain an affirmative answer to said issue, defendants are entitled to a new trial.

There was evidence to the effect that during the afternoon of the day on which plaintiff was discharged from the employment of the Ford Motor Company, following the occasion on which the words were spoken by defendant Ostrander, as found by the jury in its answer to the first issue, a number of articles discovered in plaintiff's home, upon a search made by employees of the company, with its permission, were exhibited in the plant, with a placard attached showing that said articles had been found in the home of an employee, taken by him from the plant, in violation of a rule of the company. There was nothing on the placard to show that these articles had been found in plaintiff's home, or to connect plaintiff with the articles. Plaintiff contended that these articles were exhibited in the plant for the inspection of all the employees, pursuant to the direction and under the orders of defendant Ostrander, and that this was evidence of his actual malice toward plaintiff, at the time the words were spoken by him during the morning, while plaintiff was in the private office of said defendant. There was no evidence to sustain this contention. There was, on the contrary, affirmative evidence that defendant, Ostrander, for whose tort plaintiff contends the Ford Motor Company is liable, upon the principle of *respondeat superior,* had no connection with the exhibit. It was error, prejudicial to both defendants, to admit as evidence the testimony of witnesses, with respect to the exhibit. Defendants objected to this testimony and excepted to its admission, over their objections. Their assignments of error based upon these exceptions are sustained.

We do not now pass upon defendants' contention that with the evidence relative to the exhibits excluded, there is, certainly, no evidence from which the jury could answer the second issue in the affirmative, and that, therefore, their assignment of error based upon the exception to the refusal of the court to allow their motion for judgment as of nonsuit should be sustained. Plaintiff should not be precluded from offering upon a new trial, if he can, other evidence to sustain his contention with respect to the second issue. When the evidence with respect to the

exhibit was admitted by the court, although as we hold, erroneously, he had the right to rely upon such evidence. Upon a new trial he may be able to offer other evidence tending to sustain his contention that defendant, Ostrander, in speaking the words as found by the jury, was moved by actual malice toward him.

There are other assignments of error upon this appeal based upon exceptions which seem to have been well taken. It is not necessary to discuss them. For the error in the admission of evidence for the consideration of the jury on the second issue there must be a

New trial.